# EXHIBIT G

ME1 9768624v.1



**Joseph Lubertazzi, Jr.**
Partner
T. 973-639-2082
F. 973-297-3940
jlubertazzi@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
www.mccarter.com

July 15, 2020

**VIA OVERNIGHT MAIL AND US MAIL**

160 Palisade Realty Partners LLC
c/o Wilson Soto & Associates, P.C.
531 Central Park Avenue
Suite 301
Scarsdale, New York 10583

Re:    Loan in the original principal amount of $1,080,000 (the "Loan") made to 160 Palisade Realty Partners LLC ("Borrower"), held by U.S. Bank National Association, as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB42 ("Lender"), and specially serviced by LNR Partners, LLC ("Special Servicer"), relating to real property commonly known as 160 Palisade Avenue, Yonkers, New York (the "Property")
       Loan No. ▮▮▮▮▮▮

## SECOND NOTICE OF ACCELERATION AND DEMAND FOR PAYMENT

Dear Sir/Madam:

This Firm represents the Lender, acting by and through its Special Servicer.

Reference is made to that certain Consolidated, Amended and Restated Note dated August 9, 2017 executed by the Borrower; that certain Loan Agreement dated August 9, 2017 executed by the Borrower; that certain Consolidation, Extension and Modification Agreement dated August 9, 2017 executed by the Borrower; that certain Guaranty dated August 9, 2017 executed by Ruben Guerrero and Rishi Nangalia (together, the "Guarantors"); and all other documents executed in connection with the Loan (collectively, the "Loan Documents").

By letter dated June 23, 2020, the Special Servicer noticed the default of the Borrower for failing to timely make payments due under the Loan Documents. Please be advised that the Loan remains in default, interest is accruing at the default rate, and the Loan remains accelerated.

The Lender has recently learned that the Borrower may have granted a lien on the Property in the amount of $400,000 in favor of Webster Ave Yonkers LLC, and Webster Ave Yonkers LLC filed a notice of pendency against the Property on December 21, 2019. We understand this notice of pendency has been cancelled. Nonetheless, we write to notify the Borrower that in addition to the payment default, the Borrower is in default for (i) granting a lien on the Property, and (ii) for the filing of the notice of pendency against the Property, both of which constitute a Prohibited Transfer under Section 7.02(a) of the Loan Agreement. This Prohibited Transfer triggers Section 3.05(b) of the Loan Agreement such that the Loan is Full Recourse to the Borrower. In addition, under Section 3(a)(i) of the Guaranty, the Guarantors guaranteed repayment of all amounts for which the Borrower is personally liable, including repayment of all

ME1 33802929v.1

160 Palisade Realty Partners LLC<br>
July 15, 2020<br>
Page 2

sums due under the Loan Documents.  Thus, the Guarantors have full recourse liability for the sums owed under the Loan Documents.

By this notice, the Lender hereby demands payment of all sums due under the Loan Documents.  By copy of this notice to the Guarantors, demand is hereby made on the Guarantors for all sums due under the Loan Documents.  Please contact the undersigned for a payoff statement.

Please be further advised that effective April 1, 2020, the Borrower's license to collect the rents of the Property terminated automatically.  By no later than July 27, 2020, the Borrower should deliver the following to the undersigned:  (i) a monthly accounting for all rents collected for April, May, June and July, and (ii) a monthly expense statement reflecting all Property expenses paid for April, May, June and July.  In addition, by no later than July 27, 2020, the Borrower should wire the excess rents for April, May, June and July to the Special Servicer in the same manner in which previous monthly payments were made.  The excess rents will be applied to the outstanding amount due under the Loan Documents in any manner and in any order determined by the Lender, in the Lender's discretion.  Please note that the rents are the Lender's property; therefore, dissipation of the rents constitutes conversion, and the Lender reserves the right to pursue the individuals or entities who participate in such conversion.

No forbearance, delay or inaction by the Lender in demanding payment or declaring a default or the consequential exercise of its rights and remedies, and no continuing performance by the Lender, the Borrower or the Guarantors under the Loan Documents:  (a) shall constitute:  (i) a modification or an alteration of the terms, conditions or covenants of the Loan Documents, all of which remain in full force and effect; or (ii) a waiver, release or limitation upon the Lender's exercise of any of its rights and remedies thereunder, all of which are hereby expressly reserved; or (b) shall relieve or release the Borrower or the Guarantors in any way from any of their respective duties, obligations, covenants or agreements under the Loan Documents or from the consequences of any breach or any other default that may be declared thereunder.  The Lender is not obligated to waive any breach or default, whether now existing but not yet declared, or which may occur after the date of this notice.

Nothing in this notice or in any ongoing or future discussions between the Lender, on the one hand, and the Borrower and the Guarantors on the other hand, nor any delay on the part of the Lender in exercising any of its rights and remedies under the Loan Documents and/or applicable law, shall directly or indirectly: (i) create any obligation to forbear from taking any enforcement action, (ii) constitute a consent to or waiver of any past, present or future default or other violation of any provision of the Loan Documents, (iii) amend, modify or operate as a waiver of any provision of the Loan Documents or any right, power, privilege or remedy of the Lender thereunder or under applicable law, (iv) constitute an agreement to forbear or to amend the Loan Documents or (v) constitute a course of dealing or other basis for altering any rights or obligations of the Lender under the Loan Documents, or any obligations of the Borrower or the Guarantors under the Loan Documents, or any other contract or instrument.

160 Palisade Realty Partners LLC<br>
July 15, 2020<br>
Page 3

From time to time, the Borrower may have received, and may in the future receive, statements of Loan balances. Such statements are generated for the Borrower's information and convenience only, and do not waive, amend or alter any obligations under the Loan Documents. By means of example, and without limitation, statements may fail to include interest charges, late fees and/or legal fees, which are due and payable under the Loan Documents. Thus, to the extent that such statements are inconsistent with any term of the Loan Documents or to the extent that such statements do not accurately reflect balances or any payments to which the Lender is entitled to under the Loan Documents, the Loan Documents shall control.

The Lender may accept and negotiate any payment or check without prejudice to its rights to receive the balance of all remaining sums due under the Loan Documents or to pursue any remedy thereunder or at law or in equity. Any payment received by the Lender will not constitute an agreement to modify or extend the Loan Documents, or an accord and satisfaction, or the Lender's agreement to accept a lesser amount as payment in full of sums owed under the Loan Documents. The Lender's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment will not be deemed to be an accord and satisfaction.

This notice does not attempt to summarize all (i) defaults existing under the Loan Documents and (ii) rights and remedies of the Lender under the Loan Documents. Accordingly, this notice is not, and shall not be deemed to be, a waiver of, or a consent to, any misrepresentation, breach or default now existing or hereafter arising under the Loan Documents.

The Lender reserves all of its rights and remedies. Please be guided accordingly.

Very truly yours,

*[signature]*

Joseph Lubertazzi, Jr.

cc: Mr. Rishi Nangalia
     531 Central Park Avenue, Suite 301
     Scarsdale, New York 10583
     (via email and regular mail)

    Mr. Ruben Guerrero
     531 Central Park Avenue, Suite 301
     Scarsdale, New York 10583
     (via email and regular mail)

ME1 33802929v.1