UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE REGISTERED HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE SECURITIES
CORP., MULTIFAMILY MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2017-SB42,

                      Plaintiff,

-against-

160 PALISADE REALTY PARTNERS LLC,

                      Defendant.
---------------------------------------------------------------------X

Civil Action No
7:20-cv-08089-KMK-JCM

**STIPULATION AND PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter having come before the Court by stipulation of plaintiff and defendant, for the entry of a protective order pursuant to Rule 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS hereby ORDERED that:

      1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business and/or financial information, past or current personnel and/or employee information, competitively sensitive or client sensitive information, current and past marketing plans or methods or other information that the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

b. "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c. "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as

ME1 36624940v.1

Confidential Information. If the Producing party does not agree to declassify such document or material, the Producing party may seek a conference with the court, including any court within which a future related action is pending, pending which the documents or materials shall continue to be treated as Confidential Information. In the event that the Producing party does not seek a conference with the Court within five (5) days of the request to declassify, the documents or materials shall no longer be treated as Confidential Information.

    5.  Information designated as "CONFIDENTIAL" may be used only for purposes of prosecuting or defending this action or any future proceeding including arbitration, proceeding or enforcement proceeding, including mediation, arbitration, other settlement proceedings or negotiations or for appeal in this or any future proceeding. Except with the prior written consent of the Producing party or by order of the appropriate court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    a.  The parties' in-house counsel and paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the parties' in-house counsel actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b.  counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

3

c. Independent expert witnesses and/or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof, and that such expert(s) or consultant(s) may retain Confidential Information only so long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this action; and provided that, in any event, all copies of any information designated as "CONFIDENTIAL" shall be returned by the expert or consultant to the Producing party or destroyed not later than sixty (60) days after the termination of this litigation, whether by settlement, judgment, or appeal;

d. the Court and court personnel before whom or which this or future related litigations are pending;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

f. trial and deposition witnesses;

g. The person(s) who authored the Confidential Information, or who received such Confidential Information in the ordinary course of business;

h. Mediators, and/or any other neutrals, appointed to conduct any settlement proceedings or negotiations between the parties; and

ME1 36624940v.1

i. any other person agreed to by the parties as the undersigned counsel shall consent to in writing before the proposed disclosure, or except as may be required of Plaintiff U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-SB42 as part of its reporting responsibilities.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and as set forth in paragraph 5 above and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court (including the court, arbitration or proceeding wherein any future dispute arises), including through argument or the presentation of evidence, and the parties cannot resolve any disputes over the disclosure of Confidential Information between themselves, the parties may seek a conference with the appropriate Court.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to five (5) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to five (5) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such five (5) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. When the transcripts of testimony designated as being "CONFIDENTIAL" are prepared, the reporter shall place the following legend on the cover of the transcript: "Certain portions of this transcript contain Confidential Information."

11. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. It shall be the duty of the party or non-party who contends that materials are to be treated as "CONFIDENTIAL" to mark such information with the legend "CONFIDENTIAL." Any copies of information designated as "CONFIDENTIAL" shall be

conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom such information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

12. A Receiving party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with reasonable advance notice of its intentions; in the event the parties cannot resolve the issues, the parties may seek a conference with the Court.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations of it. Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as

"confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17. The parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the Producing party shall notify the other party in writing. Upon receipt of such notice, the Receiving party shall not review such documents further (except for the purposes of identifying them for their return to the Producing party and/or destruction) and shall either return all copies of the same to the Producing party or destroy them. No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The fact or circumstances of the inadvertent production may not be used by the returning party to support a motion to compel the returned documents. Nothing contained herein is intended to, and/or does, constitute a waiver of any party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

ME1 36624940v.1

18. In the event of a hearing or trial in this or any related matter at which any party or third party intends to present information or materials designated hereunder as Confidential Information, counsel for the parties, and any third party, as applicable, will meet and confer to determine what safeguards are necessary to protect against the disclosure of the designated information or materials and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the parties, and any third parties, as applicable, shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any Court proceedings, and shall incorporate such procedures into the pre-trial Order. In the event, the parties are not able to determine what safeguards are necessary to protect against the disclosure of the designated information or materials during the proceedings, each party reserves the right to bring the issue before the trial judge for further consideration. The parties stipulate that any Confidential documents provided to the trial judge for review will be submitted under seal.

19. If at any time any Confidential Information protected by this Confidentiality Agreement or information produced in this litigation is subpoenaed from the Receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the designating party notice of said request. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to, in writing, advise the party from whom the discovery was requested of its intent

ME1 36624940v.1

to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and paying its own attorney's fees. It is acknowledged and agreed that any violation or threatened violation of this provision by any party will cause immediate and irreparable harm entitling the other party to obtain injunctive relief, including a temporary restraining order without notice pending a hearing on an application for preliminary injunction in addition to all other legal remedies available.

20. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

21. This Stipulation shall continue to be binding after the conclusion of this litigation except

    a. that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal as allowed by order of the Court); and

    b. that a party may seek the written permission of the Producing party or further Order of the Court with respect to dissolution or modification of any paragraphs of this Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

ME1 36624940v.1

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. This Stipulation may be changed by further Order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. The laws of the State of New York shall govern this Order without reference to the principles of conflict of laws. The parties hereto agree to submit any dispute or claim in any way arising out of this Order to the Court presiding over the litigation if the litigation is still pending. If any portion of this agreement is deemed unenforceable, the unenforceable portion shall be severed and the remainder of the Protective Order shall remain in full force and effect. This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction following termination of the instant litigation for the purpose of enforcing any provisions of this Order.

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>Attorneys for Plaintiff | NESENOFF & MILTENBERG, LLP<br>Attorneys for Defendant |
| By: /s/ Joseph Lubertazzi, Jr.<br>     Joseph Lubertazzi, Jr.<br>     Member of the Firm | By: /s/ Amy Zamir<br>     Amy Zamir |
| Dated: June 1, 2021 | Dated: June 1, 2021 |

SO ORDERED  *Judith C. M<sup>c</sup>Carthy*  6-4-2021

ME1 36624940v.1

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE REGISTERED HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE SECURITIES
CORP., MULTIFAMILY MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2017-SB42,

                    Plaintiff,

-against-

160 PALISADE REALTY PARTNERS LLC,

                    Defendant.
------------------------------------------------------------------------X

Civil Action No
7:20-cv-08089-KMK-JCM

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL AND CONSENT TO JURISDICTION**

I, _____, state that:

1.     My address is

 

2.     My present employer is

 

3.     My present occupation or job description is

4. I have received a copy of the Stipulation and Protective Order for the Production and Exchange of CONFIDENTIAL INFORMATION (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby consent and submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated:

_____

ME1 36624940v.1