

**McCarter & English** **MEMO ENDORSED**

**Joseph Lubertazzi, Jr.**
Partner
T. 973-639-2082
F. 973-297-3940
jlubertazzi@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
www.mccarter.com

May 17, 2021

**VIA ECF**

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: U.S. Bank National Association, as Trustee v. 160 Palisade Realty Partners LLC
Civil Action No. 20-cv-8089

U.S. Bank National Association, as Trustee v. 33-34 Vancortlandt Realty Partners LLC
Civil Action No. 20-cv-7302

Dear Judge Karas,

This Firm represents Plaintiff in both of the above referenced matters. In accordance with Your Honor's Individual Rules of Practice, Plaintiff submits this pre-motion letter setting forth a request to have both actions dismissed without prejudice, and to inquire if the Court will address the request through a telephone conference or if a formal motion is required.

These actions involve apartment buildings owned by Defendants, and Plaintiff is the holder of commercial mortgages that are in default. Due to the New York State moratorium on commercial foreclosure actions, Plaintiff may be precluded from foreclosing the mortgages. Defendants continue to collect rents, but have not paid debt service since September, 2019 for the Vancortlandt loan and since April, 2020 for the 160 Palisade loan. Therefore, Plaintiff filed two-count complaints seeking only (i) entitlement to the rents of the mortgaged properties and (ii) the appointment of rent receivers.[1] Defendants filed counterclaims asserting that Plaintiff breached the implied duty of good faith and fair dealing because Defendants tendered a deed in lieu of foreclosure, and Plaintiff rejected the proposal. Defendants continue to omit from their arguments that the basis for the rejection is Defendants require a release of the individual guarantors, and Plaintiff is unwilling to grant such a release.

The parties exchanged some discovery and then focused their efforts on settlement. Unfortunately, after a few months of meaningful discussions, the parties cannot reach a resolution.

Plaintiff is prepared to dismiss the cases without prejudice so that it may file state court actions to foreclose the mortgages when able to do so. During a telephonic conference with the Magistrate Judge on May 14, 2021, Defendants stated that they objected to Plaintiff's request to dismiss the cases.

---

[1] The Court has denied the appointment of rent receivers in both cases. Defendants have collected the rents for months and have continued to breach the loan documents.

ME1 36535769v.1

Honorable Kenneth M. Karas, U.S.D.J.
May 17, 2021
Page 2

Defendants have expressed an unwillingness to stipulate to a dismissal of the actions; Plaintiff therefore wishes to dismiss the actions without prejudice under Rule 41(a)(2), which provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Notably, the Rule permits the dismissal of the actions over Defendants' objection.

As part of the analysis for dismissal of these matters, a superficial review of the counterclaims reflects that they are completely without merit. The foundation for the counterclaims are pre-litigation conversations between counsel, where my office advised counsel for Defendants that deeds in lieu of foreclosure are not accepted where a condition of delivery of the deeds is the guarantors obtain complete releases of personal liability. The relevant loan documents provide that there is guarantor liability for security deposits not remitted to the lender and for rents collected above operating expenses not remitted to the lender. In other words, Defendants argue that they may keep security deposits, not pay debt service on commercial loans and divert excess rental revenue but then have entitlement to releases in favor of the guarantors. They cannot cite a single case which supports their arguments.

Nevertheless, the Court is not being asked to rule on the merits of the counterclaims, since a condition of the without prejudice dismissal would be that all rights, claims, defenses and arguments of the parties would be preserved. Mortgage foreclosure actions will be commenced in state court in accordance with state guidelines. Defendants will be free to assert their counterclaims in those actions, all discovery in these actions will be used in those actions, and Defendants will receive judicial review of their arguments. There is no reason to continue to expend further fees on additional discovery and motion practice where state law to date precludes Plaintiff from seeking complete relief on Defendants' loan defaults. Whether the parties continue discovery and engage in motion practice in these actions, or before the state court, it matters not.

There is no legitimate basis to oppose the request to dismiss the cases. Plaintiff therefore requests a pre-motion conference to discuss how the Court wishes to proceed with this request, including if necessary the filing of Plaintiff's motions to dismiss these actions.

Respectfully submitted,

/s/ Joseph Lubertazzi, Jr.

Joseph Lubertazzi, Jr.

cc: Andrew T. Miltenberg, Esq. (via ECF)

*The Court will hold a conference on 6/22/21, at 12:30*

*So Ordered*
*[signature] MK*
*6/10/21*

ME1 36535769v.1