UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION,
*as Trustee for the Registered Holders of J.P.*
*Morgan Chase Commercial Mortgage*
*Securities Corp., Multifamily Mortgage Pass-*
*Through Certificates, Series 2017-SB42*

                        Plaintiff,

    v.

160 PALISADES REALTY PARTNERS
LLC,

                        Defendant.

No. 20-CV-8089 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances:</u>

Joseph Lubertazzi , Jr., Esq.
McCarter & English, LLP
New York, NY
*Counsel for Plaintiff*

Andrew Todd Miltenberg, Esq.
Ira S. Nesenoff, Esq.
Barbara Henry Trapasso, Esq.
Nesenoff & Miltenberg, LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P.

Morgan Chase Commercial Mortgage Securities Corp., Multifamily Pass-Through Certificates,

Series 2017-SB42 ("Plaintiff") brings this Action against Defendant 160 Palisades Realty

Partners LLC ("Defendant") for collection of rents.  (*See generally* Compl. (Dkt. No. 1).)

Defendant brings a Counterclaim alleging that Plaintiff breached its implied duty of good faith

and fair dealing.  (*See* Answer & Counterclaim ¶ 36 (Dkt. No. 20).)  Before the Court is

Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (the "Motion").  (*See*

Not. of Mot. (Dkt. No. 51).)  For the reasons set forth below, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are taken from the Plaintiff's Statement Pursuant to Local Rule 56.1

(Pl.'s Rule 56.1 Statement in Supp. of Mot. for Summ. Judg. ("Pl.'s 56.1") (Dkt. No. 52)), and

the admissible evidence submitted by the Parties.  The facts are recounted "in the light most

favorable to" Defendant, the non-movant on the claim subject to Federal Rule of Civil Procedure

56.  *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021).  The facts as described below

are in dispute only to the extent indicated.[1]

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."  Local Civ. R. 56.1(b).  "A nonmoving party's failure to respond to a Rule 56.1 statement permits the [C]ourt to conclude that the facts asserted in the statement are uncontested and admissible."  *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009).

Here, Plaintiff submitted its Statement pursuant to Rule 56.1.  (*See* Pl.'s 56.1.)  Defendant failed to respond to Plaintiff's 56.1 Statement.  (*See* Dkt.)  Accordingly, the Court may conclude that the facts in Plaintiff's 56.1 Statement are uncontested and admissible. *See Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 553 n.3 (S.D.N.Y. 2012) (explaining that "[t]o the extent that this [c]ourt relies on facts drawn from [the] [d]efendants' Rule 56.1 [s]tatement, it does so because [the] [p]laintiff has not disputed those facts" since "[the] [p]laintiff did not submit a Rule 56.1 statement"); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)).

Where possible, the Court has relied on the facts in Plaintiff's 56.1 Statement.  However, given that it is sparse, the Court has been forced to reply upon the record to establish the factual predicate underlying this Action.  Thus, direct citations to the record have also been used where relevant facts were not included in the Plaintiff's 56.1 Statement.

Under a Consolidation, Extension and Modification Agreement (the "CEMA"), Defendant borrowed $1,080,000 (the "Loan") from CBRE Capital Markets, Inc. ("CBRE"). (Pl.'s 56.1 ¶ 1; *see also* Luberatazzi Decl. Ex. D ("Castro Decl.") ¶¶ 2, 4 (Dkt. No. 53-4).)  The CEMA encumbers certain real property located at 160 Palisade Avenue in the City of Yonkers (the "Mortgaged Property").  (Castro Decl. ¶ 3.)  To evidence the Loan, Defendant executed the certain Consolidated, Amended and Restated Note (the "Note") in favor of CBRE, along with the certain Loan Agreement (together with the CEMA and the Note, the "Loan Documents"), on August 9, 2017.  (Pl.'s 56.1 ¶ 2; Castro Decl. ¶¶ 5–6.)  CBRE thereafter assigned all of its interest in the Loan, the Loan Documents, and the Mortgaged Property to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), (Castro Decl. ¶ 7), which in turn assigned all of its interest to Plaintiff, (*id.* ¶ 8).

Plaintiff alleges that Defendant is in default for failing to make timely monthly payments under the Loan Documents since April 1, 2020, (*id.* ¶ 10), granting a lien on the Mortgaged Property in favor of Webster Ave Yonkers LLC, (*id.* ¶ 11), and filing of a notice of pendency against the Mortgaged Property by Webster Ave Yonkers LLC,  (*id.*).  By letters dated June 23, 2020 and July 15, 2020, Plaintiff provided Defendant with notice of the defaults, accelerated all sums due under the Loan Documents, and demanded that the rents of the Mortgaged Property be remitted.  (*Id.* ¶ 12.)

Counsel for Plaintiff and Defendant engaged in settlement discussions prior to the commencement of this Action, during which Defendant offered to tender a deed in lieu of foreclosure to Plaintiff conditioned upon a release of the guarantors.  (Pl.'s 56.1 ¶ 3.)  According to Plaintiff, the Loan Documents do not obligate Plaintiff to accept a deed in lieu of foreclosure upon a release of the guarantors.  (*Id.* ¶¶ 4–6.)  "Under Section 3(b)(iii) of the Mortgage, from

and after the occurrence of an Event of Default, the Lender will be entitled to all rents of the mortgaged property as they become due and payable, including rents then due and unpaid." (*Id.* ¶ 9.)  And "[u]nder Section 3(c)(ii) of the Mortgage, if an Event of Default has occurred and is continuing, the Lender may apply to any court having jurisdiction for the appointment of a receiver for the mortgaged property." (*Id.* ¶ 10.)  Plaintiff rejected Defendant's proposal and commenced this Action.  (*Id.* ¶ 7.)

Defendant's Counterclaim, which is the subject of the instant Motion, contains one Cause of Action, alleging that "Plaintiff has breached its implied duty of good faith and fair dealing, inherent in every contract, with Defendant."  (Def.'s Answer & Counterclaim ¶ 36.)

B.  Procedural History

Plaintiff filed its Complaint on September 30, 2020.  (Dkt. No. 1.)  On the same day, Plaintiff filed a Statement of Relatedness for a related case, *U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB42 v. 33-34 Vancortlandt Realty Partners LL*, No. 20-CV-7302.  (Dkt. No. 3.)  On October 2, 2020, the case was assigned to this Court as related to Case No. No. 20-CV-7302.  (*See* Dkt. (entry for Oct. 2, 2020).)

On October 22, 2020, Plaintiff filed an Application seeking the appointment of a rent receiver on an ex parte basis.  (Dkt. Nos. 16–19.)  On October 23, 2020, Defendant filed an Answer to the Complaint and Counterclaim.  (Dkt. No. 20.)  On October 28, 2020, Plaintiff filed an Answer to Defendant's Counterclaim.  (Dkt. No. 21.)  On November 2, 2020, the Court denied Plaintiff's Application.  (Dkt. No. 22.)  On November 18, 2020, the Court referred the case to Magistrate Judge Judith C. McCarthy for general pre-trial supervision. (Dkt. No. 27.)

On July 23, 2021, Plaintiff filed the instant Motion for Summary Judgment on Defendant's Counterclaim and accompanying papers.  (Dkt. Nos. 51–55.)  On August 23, 2021, Defendant filed its Opposition to Plaintiff's Motion and accompanying papers.  (Dkt. No. 56.)  On September 13, 2021, Plaintiff filed a Reply and accompanying papers.  (Dkt. Nos. 57–58.)

## II.  Discussion

### A.  Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same).  "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland Cnty. Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same).  "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same); *Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 521 (S.D.N.Y. 2015) (same).

 "However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114,

123 (2d Cir. 2013) (alteration and internal quotation marks omitted).  Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (internal quotation marks omitted).  At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (internal quotation marks omitted).  Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.,* 164 F.3d 736, 746 (2d Cir. 1998).  "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting FED. R. CIV. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (internal quotation marks omitted)).

As a general rule, "district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage." *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (noting that at the summary judgment stage, the court is not to "weigh the evidence and determine the truth of the matter"); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (citation omitted)).  Where the evidence presents "a question of 'he said, she said,'" the court "cannot . . . take a side at the summary judgment stage." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010); *see also Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 535 (S.D.N.Y. 2017) (noting that "it is not the role of the [c]ourt at summary judgment to resolve [a] factual clash"); *Bale v. Nastasi*, 982 F. Supp. 2d 250, 258–59 (S.D.N.Y. 2013) (stating that "[w]here each side ... tells a story that is at least plausible and would allow a jury to find in its favor, it is for the jury to make the credibility determinations and apportion liability, and not for the court").  And, even if the non-movant's

evidence is "thin, [a non-movant's] own sworn statement is adequate to counter summary judgment." *Scott v. Coughlin*, 344 F.3d 282, 290–91 (2d Cir. 2003) (holding that "[t]he credibility of [Plaintiff's] statements and the weight of contradictory evidence may only be evaluated by a finder of fact").

B. Analysis

"Under New York law, parties to an express contract are bound by an implied duty of good faith . . . ." *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 399 (S.D.N.Y. 2019) (quoting *Harris v. Provident Life & Accident Ins. Co*., 310 F.3d 73, 80 (2d Cir. 2002)); *see also Advanced Oxygen Therapy Inc. v. Orthoserve Inc*., No. 21-CV-2089, 2021 WL 5359458, at *3 (S.D.N.Y. 2021) ("Under New York law, the duty of good faith and fair dealing 'is implied in every contract, to the effect that neither party shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" (quoting *CCR Int'l Inc. v. Elias Grp., LLC*, No. 15-CV-6563, 2021 WL 1253892, at *4 (S.D.N.Y. Apr. 5, 2021))). "However, '[t]he implied covenant can only impose an obligation consistent with other mutually agreed upon terms in the contract. It does not add [ ] to the contract a substantive provision not included by the parties.'" *Valley Stream Foreign Cars, Inc. v. Am. Honda Motor Co*., 209 F. Supp. 3d 547, 554 (E.D.N.Y. 2016) (quoting *Broder v. Cablevision Sys. Corp*., 418 F.3d 187, 198–99 (2d Cir. 2005)).

"The implied covenant of good faith and fair dealing is breached when a party acts in a manner that would deprive the other party of the right to receive the benefits of their agreement." *1357 Tarrytown Rd. Auto, LLC v. Granite Props*., LLC, 37 N.Y.S.3d 341, 343 (App. Div. 2016); *see also Moran v. Erk*, 901 N.E.2d 187, 191 (N.Y. 2008) ("The implied covenant . . . embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring

8

the right of the other party to receive the fruits of the contract." (quotation marks omitted)).  "In order to find a breach of the implied covenant, a party's action must directly violate an obligation that may be presumed to have been intended by the parties."  *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, 720 F.3d 84, 93 (2d Cir. 2013) (quotation marks omitted).  Addressing the implied covenant of good faith and fair dealing, the New York Court of Appeals has held repeatedly that "[n]o obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship."  *Horn v. N.Y. Times*, 790 N.E.2d 753, 756 (N.Y. 2003) (quoting *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 91 (N.Y. 1983) (italics omitted)); *see also Gaia House Mezz*, 720 F.3d at 93 (same).

Here, Defendant argues that Plaintiff breached its implied duty of good faith and fair dealing though its "continued effort to pursue an invalid meritless claim."  (Def.'s Mem. in Opp'n to Pl.'s Mot for Summ. Judg. ("Def.'s Opp'n") at 10 (Dkt. No. 56).)  Plaintiff counters that it is "merely enforcing its remedies under the Loan Documents, while preserving claims under a guaranty during the period of time that New York State precluded mortgage foreclosure actions, the forum in which deficiency actions are adjudicated.  Nothing more."  (Pl.'s Mem. in Supp. of Mot. for Summ. Judg. ("Pl.'s Mem.") at 9 (Dkt. No. 54).)  Plaintiff further argues that "[b]ecause the exercise of remedies is not a breach of the implied covenant of good faith and fair dealing . . . [Plaintiff] is entitled to summary judgment on this Counterclaim."  (*Id.* (citation omitted)).  The Court agrees with Plaintiff.

The Loan Documents provide:

After the occurrence of an Event of Default, and during the continuance of such Event of Default, Borrower authorizes Lender to collect, sue for and compromise Rents and directs each tenant of the Mortgaged Property to pay all Rents to, or as directed by, Lender. From and after the occurrence of an Event of Default, and during the continuance of such Event of Default, and without the necessity of Lender entering upon and taking and maintaining control of the Mortgaged Property directly, or by a receiver, Borrower's

> license to collect Rents will automatically terminate and Lender will without Notice be
> entitled to all Rents as they become due and payable, including Rents then due and
> unpaid. Borrower will pay to Lender upon demand all Rents to which Lender is entitled.

(Castro Decl. Ex. A-C ("Mortgage Agreement") § 3(b)(iii) (Dkt. No. 53-4).)  Defendant "does

not dispute that it is in default of its monthly payments due under the Loan Documents." (Def.'s

Opp'n at 3.)   And under the Loan Documents, in the event of default, Plaintiff is entitled to

collect the rents of the Mortgaged Property.  (*See* Mortgage Agreement § 3(b)(iii).)  "As a matter

of law, enforcing a contract provision agreed to by both parties can not constitute a breach of

good faith." *AM Cosms., Inc. v. Solomon*, 67 F. Supp. 2d 312, 324 (S.D.N.Y. 1999).  Put another

way, "[a party] does not breach its duty of good faith and fair dealing by exercising its rights

under the contract." *DCMR v. Trident Precision Mfg.*, 317 F. Supp. 2d 220, 226 (W.D.N.Y.

2004) (quoting *Associates Capital Services Corp. of New Jersey v. Fairway Private Cars, Inc.*,

590 F. Supp. 10, 16 (S.D.N.Y. 1982)), *aff'd*, 110 Fed. App'x 205, 2004 WL 2338154 (2d Cir.

2004).  "Moreover, so long as the promisee is allowed to reap the benefits of the contract, the

implied covenant of good faith does not require the promisor to take actions contrary to his own

economic interest . . . ." *Bank of New York v. Sasson*, 786 F. Supp. 349, 354 (S.D.N.Y. 1992).

    Defendant does not dispute that—at least with respect to its monthly payments—it is in

default under the Loan Documents.  (*See* Def.'s Opp'n at 3.)[2]  Plaintiff therefore did not breach

---

[2] Defendant argues that it is not in default for granting a lien on the Mortgaged Property
in favor of Webster Ave Yonkers LLC and filing of a notice of pendency against the Mortgaged
Property by Webster Ave Yonkers LLC.  (*See* Def.'s Opp'n at 8–9.)  However, as discussed
*supra*, Defendant admits to being in default on its monthly payments.  (*See id.* at 3.)  Plaintiff
therefore is within its rights under the contract to sue for collection of rents, (*see* Mortgage
Agreement § 3(b)(iii)), and did not breach its duty of good faith and fair dealing for doing so.
Thus, for the purpose of resolving the instant Motion, it is irrelevant whether or not Defendant is
in default for these additional reasons.
    Defendant also attempts to make other arguments on issues that it openly admits are "not
directly before this Court." (Def.'s Opp'n at 11; *see also id.* at 11–14.)  The Court declines to
opine on these issues until they are properly before it.

its implied duty of good faith and fair dealing for seeking to enforce its contract with Defendant.

Accordingly, Plaintiff is entitled to summary judgment on Defendant's Counterclaim.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment on Defendant's

Counterclaim is granted.  The Clerk of Court is respectfully directed to terminate the pending

Motion.  (Dkt. No. 51.)


SO ORDERED.

DATED:        March 10, 2022
              White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE